UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DONTREAL DAVIS | CIVIL ACTION NO. 07-1060 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| HOUSE OF RAEFORD FARMS OF LOUISIANA LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Dontreal Davis' ("Davis") *Motion for Reconsideration* (Record Document 29), filed on August 27, 2008, to which Defendant House of Raeford Farms of Louisiana LLC ("Raeford") has filed opposition (see Record Document 30). For the following reasons, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

This Court granted Raeford's Motion for Summary Judgement on July 30, 2008 (Record Document 28), on Plaintiff's claims of employment discrimination and retaliation. The Court found that Plaintiff failed to state a *prima facie* claim of discrimination because he failed to submit any competent summary judgment evidence that a similarly situated white employee was treated more favorably. Id. at 6. Regarding Davis' retaliation claim, the Court found that Davis' complaint that his supervisor pushed or choked him did not concern discrimination based on race or any other protected category, and as such was not a "protected activity" giving rise to a retaliation claim under Title VII. Id. at 8. And with respect to Davis' claim that Raeford retaliated against him for filing a complaint with the EEOC, the Court found that Davis presented no evidence that Raeford knew about the EEOC complaint before Davis was terminated. Id. Davis admitted that he did not tell

anyone at Raeford about his EEOC complaint; nor did he know whether anyone at Raeford knew he had contacted the EEOC. Id. Raeford, on the other hand, had submitted competent summary judgment evidence that it did not learn of Davis' EEOC complaint until over three months after he was terminated. Id. Finally, this court held that even if Davis had succeeded in establishing a prima facie claim of either discrimination or retaliation, summary judgment would still be appropriate because Davis failed to submit any competent summary judgment evidence that the legitimate, non-discriminatory reasons offered by Raeford were false, or were a pretext for illegal discrimination or retaliation. Id. at 9.

## II. ANALYSIS

The Federal Rules of Civil Procedure do not recognize a "General Motion for Reconsideration." The Fifth Circuit has construed such motions as motions under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend Judgment. St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). Altering or amending a judgment is considered "an extraordinary measure, which courts should use sparingly." In the Matter of Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1). As a sister court in this district previously noted:

> The remedy is so extraordinary that the Fifth Circuit has directed that the Rule 59(e) standard 'favors denial of motions to alter or amend a judgment.' As such, 'the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e)].

Self, 172 F. Supp. 2d at 815-16 (citation omitted).

Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the

availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law.  Id. at 816.

Rule 59(e) provides that "[a] motion to alter or amend judgment must be filed no later than 10 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Therefore, Davis' motion, which was filed 28 days after this Court's judgment issued, is untimely and, as such, it is **DENIED**.

Further, Davis' motion is **DENIED** because nothing in it moves this Court to alter or amend its prior judgment.  In the *Motion for Reconsideration*, Davis, without attaching any evidentiary submissions:  reiterates his suspicion that the EEOC contacted his employer prior to his termination; claims that Michael Rhodes' affidavit regarding Davis' use of profanity was untrue; contradicts William Ovitt's testimony regarding his instructions to Davis; compares his treatment to Raeford's treatment of two other employees, one "a black guy" and the other "a Latino"; and attempts to suggest that the legitimate, non-discriminatory reasons offered by Raeford were false or a pretext for illegal discrimination or retaliation.  None of these allegations provide the Court with grounds for departing from its prior, reasoned decisio.  No error of law or change in the law is identified, no new evidence is presented, the alleged errors of fact are unsupported by the evidence, and no manifest justice resulted from this Court's prior ruling.  Further, Davis' attempt to compare his treatment to that of other minority employees is irrelevant: in order to state a *prima facie* claim of discrimination, Davis needed to submit evidence that a white employee was treated more favorably or that he was replaced by someone outside his protected group.  Instead, Davis describes the experiences of "a black guy" and "a Latino."

Accordingly, for the reasons noted above, Davis' *Motion for Reconsideration* is hereby **DENIED**.

Thus done and signed, this the 12th day of March, 2009.

*S. MAURICE HICKS, JR.*
UNITED STATES DISTRICT JUDGE